UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE HURRY FAMILY REVOCABLE TRUST ALPINE SECURITIES CORPORATION; and SCOTTSDALE CAPITAL ADVISORS CORPORATION<br><br>    Plaintiffs,<br><br>vs.<br><br>CHRISTOPHER FRANKEL<br><br>    Defendant. | Case No.   3:19mc114<br><br>(M.D. Fla. Case No. 8:18-cv-02869)<br><br>SEPTEMBER 26, 2019 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL VISION FINANCIAL MARKETS LLC'S COMPLIANCE WITH SUBPOENA**

**PRELIMINARY STATEMENT**

Plaintiffs The Hurry Family Revocable Trust, Alpine Securities Corporation, and Scottsdale Capital Advisors (collectively, "Plaintiffs") respectfully submit this memorandum of law in support of their motion, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to compel compliance by Vision Financial Markets, LLC ("Vision") with the subpoena for production of documents and things (the "Subpoena") issued in connection with the above-referenced action, which is pending in the United States District Court for the Middle District of Florida (the "Florida Action").

The Subpoena directs Vision to produce a narrowly defined set of documents that are highly relevant to the prosecution of the Florida Action. As set forth more fully below, Vision

provided written assurances that it would comply with the Subpoena, only to later renege on those promises, and has refused to produce a single document responsive to the Subpoena.

Because Vision's objections to the Subpoena are meritless, and to date, Vision's attorney has been unwilling to engage in any discussion about Vision's previous agreement to produce responsive documents, or Vision's current refusal to comply, Plaintiffs respectfully request the issuance of an order, directing the production of all responsive, non-privileged documents called for by the Subpoena forthwith.

## I. FACTUAL STATEMENT

The Florida Action arises from defendant Christopher Frankel's ("Defendant") unlawful use of confidential information obtained from Plaintiffs to destroy their businesses, abscond with their clients, and unfairly compete with Plaintiffs. (Florida Action, Doc. No. 61).

Defendant is currently employed at Vision. (Susman Decl. ¶ 4, Exh. 1). On June 7, 2019, Plaintiffs served the Subpoena on Vision. (Susman Decl. ¶ 5, Exh. 2). The Subpoena requested "All Documents and Communications between You [Vision] and Christopher Frankel [Defendant] since June 1, 2015." (*Id*.). On June 19, 2019, Defendant filed a Motion to Quash the Subpoena in the Florida Action. (Florida Action, Doc. No. 76). On June 27, 2019, Vision sent a letter to Plaintiffs, objecting to the Subpoena. (Susman Decl. ¶ 6, Exh. 3).

Counsel for Plaintiffs and Defendant met and conferred about the Motion to Quash, and reached an agreement to limit its scope. (Susman Decl. ¶ 7). Consequently, on July 25, 2019, the Court in the Florida Action denied the Motion to Quash as moot. (Florida Action, Doc. No. 102). On July 29, 2019, Plaintiffs sent a letter to Vision, stating: "The parties have reached an agreement on Defendant's Motion to Quash the subpoena served upon Vision Financial Markets, and the Motion was denied as moot. Accordingly, the document request in the subpoena has

been amended as follows: '***All Documents and Communications between You and Christopher Frankel since August 1, 2018 to the extent such documents and/or communications referred to, used, incorporated or attached any information of or related to the Hurry Family Revocable Trust, Scottsdale Capital Advisors Corporation, or Alpine Securities Corporation***.' Thank you in advance for your compliance." (Susman Decl. ¶ 8, Exh. 4) (emphasis added).

On August 8, 2019, Vision confirmed that it would produce documents responsive to the Subpoena, stating: "Upon receiving the modified request from you last week I asked the client to redo the search, which they did last week. Though I am on vacation now I have reviewed the results and am working with others to prepare the emails for production. ***This will occur next week***." (Susman Decl. ¶ 9, Exh. 5) (emphasis added).

On August 20 and 22, 2019, Plaintiffs sent follow up requests to Vision regarding the status of its production. (Susman Decl. ¶ 10, Exh. 6). On August 22, 2019, Vision confirmed that documents would be forthcoming the following Monday, August 26. (Susman Decl. ¶ 11, Exh. 7). On Tuesday, August 27, 2019, after Plaintiffs sent Vision an email prodding it about the documents it promised to deliver, Vision stated: "we do not plan on producing the documents." (Susman Decl. ¶ 12, Exh. 8). Plaintiffs were stunned by Vision's refusal to comply with the Subpoena. (*Id*.).

On September 16, 2019, Plaintiffs wrote Vision and asked when they would be available to meet and confer regarding the current motion. (Susman Decl. ¶ 13 Exh. 9). Vision responded: "I do not intend to discuss this matter with you." (*Id*.).

Accordingly, Plaintiffs had no choice but to file the current motion.

## II. ARGUMENT

### A. Legal Standard

Rule 45 of the Federal Rules of Civil Procedure provides the framework for securing from non-parties, through the use of subpoenas, documents, electronically stored information, testimony and tangible things relevant to a pending litigation. Fed. R. Civ. P. 45 (a), (b). It is well settled that the scope of a Rule 45 subpoena is informed by Rule 26, which governs civil discovery generally. *E.g., Coleman v. District of Columbia*, 275 F.R.D. 33, 36 (D.D.C. 2011); *Rendon Group, Inc. v. Rigsby*, 268 F.R.D. 124, 126 (D.D.C. 2010) ("Rule 26 of the Federal Rules of Civil Procedure defines and governs the scope of discovery for all discovery devices, and, therefore, Rule 45 must be read in light of it."). Rule 26(b)(1) provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ...." Fed. R. Civ. P. 26(b)(1). Therefore, federal courts recognize that the "scope of discovery in civil actions is broad [and the] term relevance at the discovery stage is [to be] broadly construed." *Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 12 (D.D.C. 2008). The Federal Rules also provide federal courts with the power to compel compliance with subpoenas and disclosure requests that seek relevant information. *See* Fed. R. Civ. P. 45(c)(2)(B)(i); Fed. R. Civ. P. 37(a)(l).

### B. <u>The Court Should Order Vision's Compliance With the Subpoena</u>

It is undisputed that Vision was properly served with the Subpoena. It is equally undisputed that Vision's counsel agreed to produce responsive documents, but then refused to do so. Under these circumstances, and particularly where, as here, Vision has not taken the appropriate steps to excuse compliance with the duly served subpoena (i.e. filing a motion to

quash or for a protective order to fix conditions), Vision should be compelled to produce documents responsive to the Subpoena forthwith.

Counsel for Vision recently indicated that Vision will argue that it did not have sufficient time to comply with the Subpoena. (Susman Decl. ¶ 13, Exh. 9). Such an argument would be constructed from whole cloth and further highlight Vision's bad faith, because Vision expressly stated that it would comply with the narrowed Subpoena.  Moreover, Plaintiffs never placed a deadline on Vision's compliance, and instead relied on Vision's representation that it would produce documents the week of August 12, 2019.  (Susman Decl. ¶ 9, Exh. 5).  Although the discovery deadline in the Florida Action was August 9, 2019, on August 8, Vision stated that it would produce documents after that date.  (*Id.*).

Put simply, Vision agreed to produce documents responsive to the Subpoena and then refused to do so.  Accordingly, the Court should compel Vision's compliance with the Subpoena.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court compel Vision to comply with the Subpoena by producing all responsive, non-privileged documents forthwith.

**SPEARS MANNING & MARTINI, LLC**

By:   /s/ Brian E. Spears
Brian E. Spears (ct14240)
Spears Manning & Martini, LLC
2425 Post Road, Suite 203
Southport, CT  06890
Tel. (203) 292-9766
Fax. (203) 292-9682
Email: bspears@spearsmanning.com

*Attorney for the Plaintiffs*

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 26, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

    A copy of the foregoing will be sent via electronic mail to counsel representing Vision Financial Markets, LLC, i.e., Clifford Histed of K&L Gates LLP at clifford.histed@klgates.com .

                                               */s/ Brian E. Spears*
                                               Brian E. Spears