IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE HURRY FAMILY REVOCABLE TRUST, ALPINE SECURITIES CORPORATION, AND SCOTTSDALE CAPITAL ADVISORS CORPORATION<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER FRANKEL,<br><br>Defendant. | No. 3:19-mc-0114 (CSH)<br><br>(M.D. Fla. Case No. 8:18-cv-02869) |

**MEMORANDUM OF LAW IN SUPPORT OF
THIRD PARTY VISION FINANCIAL MARKETS LLC'S
MOTION TO TRANSFER AND FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFFS' MOTION TO COMPEL**

Third party Vision Financial Markets, LLC ("Vision") respectfully requests that this Court transfer the motion to compel compliance with a third party subpoena filed by plaintiffs The Hurry Family Revocable Trust, Alpine Securities Corporation, and Scottsdale Capital Advisors ("Plaintiffs") to the U.S. District Court for the Middle District of Florida, which issued the subpoena, and where the underlying matter is pending. This Court has no connection to the Florida litigation or the subpoena – which calls for compliance in the Southern District of New York – and therefore lacks jurisdiction to decide the motion to compel under Fed. R. Civ. P. 45.

**STATEMENT OF THE CASE AND RELEVANT FACTUAL BACKGROUND**

Plaintiffs filed the underlying lawsuit in the Middle District of Florida on November 21, 2018 ("Florida Litigation"). (Declaration of Jenny Chou ("Chou Decl.") Ex. A, Florida Litigation Dkt. No. 1.) Vision is not a party to the Florida Litigation. On June 7, 2019, Plaintiffs served

1

Vision with a subpoena for the production of documents. The subpoena commanded production at the following place in the Southern District of New York:

> Ace Attorney Service
> 278 W. 117 Street, Suite 1-B
> New York, NY 10026

(Susman Decl. Ex. 2.)

Vision timely responded and objected to the subpoena by letter dated June 27, 2019. (Susman Decl. Ex. 3.) The defendant in the Florida case also filed a motion to quash the subpoena. (Chou Decl. Ex. A, Florida Litigation Dkt. No. 76.) On July 29, 2019, nine business days before the close of discovery in the Florida Litigation, Plaintiffs' counsel informed Vision's counsel that the parties had reached an agreement on the motion to quash, and gave Vision an amended document request. (Susman Decl. Ex. 4.) On August 8, 2019, counsel for Plaintiffs and Vision exchanged emails regarding Vision's efforts to comply with the subpoena. (Susman Decl. Ex. 5.) Discovery closed the following day, August 9, 2019. (Chou Decl. Ex. A, Florida Litigation Dkt. No. 65.)

On August 12, 2019, after the close of discovery, Plaintiffs filed a motion to modify the case management and scheduling order to further extend discovery. (Chou Decl. Ex. A, Florida Litigation Dkt. No. 107.) The court denied Plaintiffs' motion on August 20, 2019. (Chou Decl. Ex. A, Florida Litigation Dkt. No. 111.) The Middle District of Florida's order read in, in relevant part:

> This is Plaintiffs' third such motion seeking a modification of the dates set forth in the Court's Case Management and Scheduling Order. The Court already extended the discovery deadline in this case to August 9, 2019, at the Plaintiffs' request (Doc. # 65). The Court has also repeatedly warned Plaintiffs that it would be disinclined to extend the deadlines further (Doc. ## 65, 84). Yet Plaintiffs filed this third motion to modify the Case Management and Scheduling Order on August 12, 2019, after the extended discovery deadline had passed. What's more, the Court's Case Management and Scheduling Order provides that, pursuant to Fed. R. Civ. P. 16(b)

>and Local Rule 3.09(a), deadlines will not be extended absent a showing of good cause. (Doc. # 29 at 5). The Court cannot discern good cause here for reopening and extending discovery. Plaintiffs were aware of Defendants' relationship with Vision Financial Markets, LLC and of Vision employee Randy Jones since at least June of 2019. (Doc. # 107 at 2; Doc. # 76-1 at 2-9). Yet Plaintiffs set the deposition of Vision and Mr. Jones for August 8, 2019, one day before the close of discovery. (Doc. # 107 at 2). As for the documents that Plaintiffs claim Defendant has failed to produce, Plaintiffs were aware of those missing documents since August 6 and/or August 7, 2019, and failed to file a motion to compel prior to the discovery deadline. (Doc. # 107 at 2-3). As the Court advised in its Case Management and Scheduling Order, "[f]ailure to complete discovery within the time established by this Order shall not constitute cause for continuance." (Doc. # 29 at 5). For these reasons, Plaintiffs' motion is due to be denied.

(*Id.*) While the court's order did not specifically reference the document request to Vision, the order made clear that discovery was closed and would not be reopened.

Contrary to Plaintiffs' representation in their memorandum of law in support of the motion to compel, Vision did not confirm on August 22, 2019 "that documents would be forthcoming the following Monday, August 26." *See* Pls.' Mem. of Law (Dkt. No. 1-1), at 3. Rather, on August 20, Plaintiffs' counsel sent Vision's counsel an e-mail, asking "Where are the documents?" (Susman Decl. Ex. 7.) August 20 was also the day the Middle District of Florida denied Plaintiffs' motion to extend discovery. Vision's counsel did not immediately respond, and on August 22, Plaintiffs' counsel e-mailed, "***Please respond***." (*Id.* (emphasis added).) Vision's counsel replied, "I anticipate providing ***a response*** on Monday," *i.e.*, a response to Plaintiffs' counsel's email in light of the court's order ending discovery. (*Id.* (emphasis added).) Vision's counsel did not "promise[] to deliver" documents on Monday. *Contra* Pls.' Mem. of Law (Dkt. No. 1-1), at 3.

In any event, Plaintiffs and Defendant in the Florida Litigation filed cross-motions for summary judgment on August 23, 2019. (Chou Decl. Ex. A, Florida Litigation Dkt. Nos. 114,

3

118.) Approximately one month later, Plaintiffs filed the motion to compel against Vision in the District of Connecticut.[1]

## ARGUMENT

The Court should transfer Plaintiffs' motion to compel to the U.S. District Court for the Middle District of Florida for three related but independent reasons: (1) the District of Connecticut lacks jurisdiction to adjudicate the motion to compel; (2) Vision consents to transfer to the issuing court; and (3) exceptional circumstances, including the close of discovery in the Florida Litigation, justify transfer to that court. Vision respectfully reserves its substantive objections and defenses to the motion to compel, and requests that it be given an extension of time to respond to the motion to compel, to 14 days after the motion to compel is transferred to the Middle District of Florida or this Court otherwise rules on this motion to transfer.

### I.     The District of Connecticut Lacks Jurisdiction Under Rule 45

This Court lacks jurisdiction to adjudicate the motion to compel under Rule 45 of the Federal Rules of Civil Procedure. Under Rule 45, a subpoena for the production of documents is issued from the court where the action is pending, here, the U.S. District Court for the Middle District of Florida. Fed. R. Civ. P. 45(a)(2). Motions to compel compliance, however, must be brought in "the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(b)(i) ("At any time, on notice to the commanded person, the serving party may move *the court for the district where compliance is required* for an order compelling production or inspection.") (emphasis

---

[1] While not directly relevant for the purposes of this motion, it should be noted that two of the three Plaintiffs in the Florida Litigation, Alpine Securities Corporation and Scottsdale Capital Advisors, filed a separate lawsuit against Vision, Vision's CEO, and Vision employee Randy Jones in the District of Connecticut on September 13, 2019, *Alpine Securities Corporation v. Jones*, No. 19-cv-01425 (D. Conn.), giving rise to the question whether Plaintiffs are truly seeking discovery for the Florida Litigation, where they have already moved for summary judgment, or are seeking premature discovery for their new lawsuit against Vision.

added). *See also* Fed. R. Civ. P. 37(a)(2) ("a motion for an order to a nonparty must be made in the court where the discovery is or will be taken.").

Here, the subpoena commands production of documents in New York, New York, apparently at the offices of Plaintiffs' process server. (Susman Decl. Ex. 2.) Therefore, the court for the district where compliance is required is the U.S. District Court for the Southern District of New York, not the District of Connecticut. "Because compliance is required in Manhattan, this motion is properly brought in the Southern District of New York, and not in this Court." *Greene v. Paramount Pictures Corp.*, No. 14-CV-1044 (JS)(SIL), 2016 WL 4398432, at *2 (E.D.N.Y. July 22, 2016). Significantly, "Rule 45 specifies that a motion to compel must be brought in 'the court for the district where compliance is required,' … not any court of any district where compliance might have been required. Thus, whether Plaintiffs might have required compliance in this District is immaterial." *JMC Rest. Holdings, LLC v. Pevida*, No. 14 CIV. 6157 WFK VMS, 2015 WL 2240492, at *3 (E.D.N.Y. May 12, 2015). *See also* Ruling and Order in *Brown v. Lowe's Companies, Inc.*, No. 16-mc-196, Dkt. No. 14 (D. Conn. Dec. 7. 2016), attached as Chou Decl. Ex. B (where a subpoena required the third party to produce documents in Atlanta, Georgia or in the alternative, in Newport News, Virginia, the District of Connecticut is not the district where compliance is required).

While there is substantial authority for denying a motion to compel that is filed in the wrong district under Rule 45 – *see, e.g., Greene*, 2016 WL 4398432, at *2; *JMC Rest. Holdings,* 2015 WL 2240492, at *3; *Brown.*, No. 16-mc-196, Dkt. No. 14 (D. Conn. Dec. 7. 2016), at pp. 2-3 (citing cases) – the interests of justice and judicial economy would be better served in this case by transferring the motion to compel to the Middle District of Florida, rather denying the motion and having Plaintiffs re-file it in the Southern District of New York (where Vision would again move

for transfer to the Middle District of Florida). Apart from being designated as the place for compliance with the subpoena, the Southern District of New York has no apparent connection to the parties or the Florida Litigation.

This Court has inherent authority to transfer the motion to compel to the Middle District of Florida. Rule 45(f) provides, in pertinent part, that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). As explained in Sections II and III below, Vision consents to transfer, and exceptional circumstances justify transfer here. While Rule 45(f) does not directly speak to situations where the motion to compel is filed in the wrong court, *i.e.*, not the court where compliance is required, transfer is clearly consistent with the spirit of Rule 45(f) under the current circumstances. Moreover, federal courts have inherent authority to transfer matters to other courts in the interests of justice and judicial economy. *See Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) (exercising statutory and inherent authority to transfer case to the Eastern District of Virginia, in the interest of justice); *Murphy v. Bradley*, No. 303CV714(DJS), 2004 WL 202419, at *3 (D. Conn. Jan. 16, 2004) ("The Supreme Court and Second Circuit have held that a district court has the power to transfer a case to another judicial district, whether or not the transfer court has personal jurisdiction over the defendant."). The Court should exercise its inherent authority consistent with Rule 45(f) and transfer the motion to compel to the Middle District of Florida.

## II. <u>Vision Consents to Transfer to the Middle District of Florida</u>

As noted above, Rule 45(f) provides that motions to compel may be transferred to the court that issued the subpoena "if the person subject to the subpoena consents." Fed. R. Civ. P. 45(f). Rule 45(f) does not require the consent of the parties to the underlying litigation, and Vision has

not identified any authority for refusing to transfer to the issuing court when the subject of the subpoena has consented. *See SBA Communications Corp. v. Fractus, S.A.*, No. 19 MISC. 130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019) ("The plain language of Rule 45(f), as recited above, mentions only consent by the person subject to the subpoena."). Vision, the entity subject to the subpoena, consents to transfer here. The motion to compel should therefore be transferred to the Middle District of Florida. *Id.* (where "the entity subject to the subpoena [] requests that the matter be transferred . . . pursuant to the unequivocal language of Rule 45, the Court may transfer the parties' motions to the court presiding over the underlying [] litigation").

### III.     Exceptional Circumstances Justify Transfer to the Middle District of Florida

Rule 45(f) also provides that motions to compel may be transferred to the court that issued the subpoena "if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). In introducing new section (f) of Rule 45 in 2013, the Advisory Committee's Note explained that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation." Fed. R. Civ. P. 45(f), Committee Notes on Rules – 2013 Amendment. "In determining whether 'exceptional circumstances' exist, courts consider several factors, including the 'complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *Duck v. United States Sec. & Exch. Comm'n*, 317 F.R.D. 321, 324 (D.D.C. 2016) (citing cases). In *Duck*, the District of Columbia district court transferred a motion to compel to the issuing court, where defendants' motion for summary judgment was already pending, and "a decision by [the District of Columbia district court] as to the pending Motion to Compel would create the potential for inconsistent or

conflicting rulings . . . 'disrupting the issuing court's management of the underlying litigation,'" *Duck*, 317 F.R.D. at 325 (quoting Fed. R. Civ. P. 45(f), Committee Notes).[2]

The same exceptional circumstances exist here: discovery has already closed in the Florida Litigation; the Middle District of Florida has expressly refused to extend discovery; and the parties have substantially briefed cross-motions for summary judgment. Adjudication by this Court would create a risk of rulings that are inconsistent with the Middle District of Florida's discovery and scheduling orders, and may interfere with that court's management of the litigation before it.

## IV. Vision Requests an Extension of Time to Respond to the Motion to Compel after Transfer to the Middle District of Florida

Plaintiffs served Vision with the motion to compel on October 4, 2019. Vision's response is therefore currently due on October 25, 2019. Because this Court lacks jurisdiction to adjudicate the motion to compel under Rule 45 for the reasons explained in Section I above, Vision

---

[2] Additional authority cited by *Duck* includes*:*

> *Fed. Home Loan Mortgage Corp. v. Deloitte & Touche LLP*, 309 F.R.D. 41, 44 (D.D.C.2015) (finding exceptional circumstances where transfer would avoid interference with a "time-sensitive discovery schedule" set in the underlying action); *In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F.Supp.3d 286, 288 (D.D.C.2015) (finding exceptional circumstances where the "case had been pending in the [issuing court] for almost three and a half years, and [the issuing court] ha[d] issued a multitude of orders resolving significant procedural and discovery disputes during that time"); *Google, Inc. v. Digital Citizens All.*, No. MC 15–00707 JEB/DAR, 2015 WL 4930979, at *3 (D.D.C. July 31, 2015) (finding exceptional circumstances where underlying case had been set at a "very rapid race" and "not transferring the subpoena-related motions carrie[d] with it the potential of interfering with the discovery timeline of the underling litigation"); *XY, LLC v. Trans Ova Genetics, L.C.*, 307 F.R.D. 10, 11–13 (D.D.C.2014) (finding exceptional circumstances where issuing court had "already supervised substantial discovery and begun preparations for trial"); *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 45–47 (D.D.C.2014) (finding exceptional circumstances due to the "highly complex and intricate nature of the underlying litigation").

317 F.R.D. at 324.

respectfully reserves its substantive objections and defenses, and requests that it be given an extension of time to respond to the motion to compel, to 14 days after the motion to compel is transferred to the Middle District of Florida or this Court otherwise rules on this motion to transfer.

## CONCLUSION

For the foregoing reasons, Vision respectfully requests that this Court (1) transfer the motion to compel to the Middle District of Florida, and (2) extend Vision's time to respond to the motion to compel to 14 days after a decision on this motion to transfer.

Respectfully Submitted,

Third Party Witness,
Vision Financial Markets, LLC

By:    */s/ Jenny R. Chou*
      Jenny R. Chou (ct28201)
      Wiggin and Dana LLP
      One Century Tower
      P.O. Box 1832
      New Haven, CT  06508–1832
      Tel: 203-498-4302
      Fax: 203-782–2889
      jchou@wiggin.com

*Attorney for Vision Financial Markets, LLC*